# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CLAYTON LAMONT VANN, SR.**                                              **PLAINTIFF**
**ADC #108062**

**V.**                          **NO. 4:26-cv-00173-LPR-ERE**

**GIBSON**, *et al.*                                                      **DEFENDANTS**

## ORDER

*Pro se* plaintiff Clayton Lamont Vann, Sr., an Arkansas Division of Correction inmate, filed this 42 U.S.C. § 1983 case. *Doc. 1*. Because Mr. Vann's original complaint was deficient, I provided him an opportunity to file an amended complaint. *Doc. 8*. Mr. Vann has now filed an amended complaint[1] and has moved to dismiss Sergeant Sims as a party Defendant. *Docs. 12, 13*. I now order service of Mr. Vann's amended complaint, and I will address Mr. Vann's motion to dismiss in a separate Recommendation.

Mr. Vann's amended complaint alleges that: (1) Defendants Warden Gibson, Warden Davis, Major Harris, Lieutenant Gillion, Director Dexter Payne, Lieutenant Mothershed, Sergeant Sims, and Lieutenant Larry Chovaski have been deliberately indifferent to his safety by distributing explicit material featuring Mr. Vann to other

---

[1] Mr. Vann titles his amended complaint a "supplement complaint." **However, the Clerk is instructed to update the docket sheet to reflect that this document should be titled an amended complaint.**

inmates; (2) Defendant Mothershed violated his Eighth Amendment rights by forcing him to lie down in raw sewage on one occasion; and (3) Defendant Gilliam and Mothershed denied him medical attention following the incident. Mr. Vann sues Defendants in their individual capacity only seeking monetary and injunctive relief.[2]

For screening purposes,[3] Mr. Vann has stated Eighth Amendment claims against Defendants Gibson, Davis, Harris, Gillion, Payne, Mothershed, and Chovaski in their individual capacities seeking monetary damages. Service is now proper for those claims.

---

[2] Mr. Vann cannot recover injunctive relief against Defendants in their individual capacities. See *Strutton v. Hacker*, 2025 WL 26682, at *5 (E.D. Mo. Jan. 3, 2025) ("Although the Court has found no Eighth Circuit cases addressing the issue of whether the plaintiff in a § 1983 case can obtain injunctive relief from a defendant in his or her individual capacity, cases from other courts [support that position]" (citing *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."); *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity."); C*mty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity.")). As a result, I will address Mr. Vann's claims for injunctive relief against Defendants in their individual capacities in my separate Recommendation.

[3] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

IT IS THEREFORE ORDERED THAT:

1.      The Clerk of Court is directed to prepare summonses for Defendants Gibson, Davis, Harris, Gillion, Payne, Mothershed, and Chovaski.

2.      The United States Marshal is directed to serve each of these Defendants with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 1, 12*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612.

SO ORDERED 27 April 2026.

_____
UNITED STATES MAGISTRATE JUDGE